Shane Carew
Carew Law Office
5450 California Avenue, SW, #101
Seattle, Washington 98136
Phone: (206) 587-0590
Fax: (206) 587-2388
Email: **shane@carewlaw.com**

HONORABLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>M/V SPIRIT OF GLACIER BAY (EX M/V SPIRIT OF NANTUCKET), Official No. 677685, her gear, furniture, equipment, etc. *in rem*, WEST TRAVEL, INC. d/b/a CRUISE WEST, a Washington Corporation, and RICHARD G. WEST and the marital community of Richard West and Leslie West *in personam*<br><br>Defendants | IN ADMIRALTY<br><br>CAUSE NO.<br><br>VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* TO FORECLOSE PREFERRED SHIP MORTGAGE |

Plaintiff General Electric Capital Corporation ("GECC"), asserts claims against

**VERIFIED COMPLAINT- 1**

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

defendants M/V SPIRIT OF GLACIER BAY, *in rem*, West Travel, Inc. d/b/a Cruise West ("West Travel") and Richard G. West and the marital community of Richard West and Leslie West ("Defendant West") in personam as follows:

## 1) PARTIES

1.1   Plaintiff GECC is a Delaware corporation doing business in Washington.

1.2   Defendant M/V SPIRIT OF GLACIER BAY The defendant vessel, M/V/SPIRIT OF GLACIER BAY, Official Number 677685, ("Vessel") is a vessel duly documented under the laws of the United States. Said vessel is within this district and within the jurisdiction of this Court. At all times material, defendant vessel was owned by West Travel, Inc. a Washington corporation.

1.3 Defendant West Travel is a Washington corporation doing business in Washington.

1.4   Defendant Richard G. West is a married man, residing with his wife, Leslie West, on Mercer Island, Washington.

## 2) JURISDICTION AND VENUE

2.1   This is a matter of admiralty and maritime jurisdiction under 28 U.S.C. 1333 and 46 U.S.C. 31325, as more fully appears below. This is an admiralty or maritime claim within the meaning of Rule 9(h).

2.2   Venue in this Court is appropriate pursuant to because the transactions and events at issue in this dispute took place in King County, Washington and because the defendants reside in King County, Washington, and the Vessel is located in this division of this district.

**VERIFIED COMPLAINT- 2**

### 3) FACTS

**A.     Loan Agreement and Note**

3.1     On December 31, 2007, GECC and West Travel entered into a Loan and Security Agreement ("Loan Agreement"), pursuant to which GECC loaned West Travel the principal sum of Four Million Eight Hundred Thirty-Three Thousand Six Hundred Thirty-Eight and 0/100 ($4,833,638.00) dollars  (the "Principal Amount"), and also secured other obligations owed by defendants to Plaintiff and its affiliated companies. *Exhibit A.*

3.2     West Travel's obligation to repay the loan is evidenced by a Promissory Note, dated December 31, 2007 (the "Note") in the Principal Amount. *Exhibit B.* Under the terms of the Note, West Travel promised to pay GECC the Principal Amount plus interest at a fixed simple interest rate of 7.33% per annum.  The Principal Amount is payable in 120 consecutive monthly installments, 119 of which are in the amount of $40,280.32 and a final installment in the amount of the total outstanding and unpaid principal due under the Note, plus accrued interest and any and all other amounts due. The first installment was due and payable on February 1, 2008 and the following installments are due on the first day of each succeeding month ("Payment Date").  In addition to the installment payments of principal provided in the Note, West Travel is obligated to pay interest in arrears on each Payment Date.

3.3     The Note provides that if GECC does not receive from West Travel payment in full of any installment due under the Note within ten (10) days after its due date, West Travel shall pay GECC a late fee ("Late Fee") equal to five percent (5%) on

**VERIFIED COMPLAINT- 3**

such late installment, but not exceeding any lawful maximum. Such late fee is immediately due and payable, and is in addition to any other costs, fees and expenses that West Travel may owe as a result of such late payment.

  3.4 The Note further provides that, among other events, (1) if West Travel fails to make payment of any amount due under the Note within ten days after the same becomes due or (2) if West Travel is in default after expiration of any applicable grace period under any of the debt documents, then (among other remedies) the entire principal sum remaining unpaid, together with all accrued interest thereon and any other sum payable under the Note or any other debt document shall immediately become due and payable at the election of GECC with interest thereon at the lesser of twelve percent (12%) per annum or the highest rate not prohibited by applicable law from the date of such accelerated maturity.

  3.5 The obligations, duties and debts specified in the Note and Mortgage are being foreclosed upon by this action. The remaining obligations, duties and debts referenced under the Loan Agreement are subject to a separate pending state court action.

  3.6 GECC has performed as required under the Loan Agreement and Note.

  3.7 West Travel has failed to make the payments of principal and interest due under the Loan Agreement and Note for more than ten days and remains in default after expiration of the applicable grace periods.

  3.8 GECC has demanded payment of the entire principal sum remaining unpaid and all accrued interest thereon and all other sums payable under the default

**VERIFIED COMPLAINT- 4**

provisions of the Loan Agreement and Note.

3.9    As of July 2010, the total amount West Travel owes GECC under the default provisions of the Loan Agreement and Note is not less than $4,297,027.12.

3.10    West Travel has failed to pay this sum or any part thereof.

**B.    Defendant West's Guaranty**

4.1    Defendant West executed and delivered to plaintiffs a Guaranty dated December 31, 2007.

4.2    Under the terms of the Guaranty, Mr. West guaranteed to plaintiffs the due regular and punctual payment of any sum or sums of money which West Travel may owe to plaintiff and certain affiliated entities identified in the Loan Agreement at any time, whether evidenced by the Loan Agreement, the Note, or otherwise.

4.3    Under the Guaranty, Mr. West further guaranteed to pay all losses, costs, reasonable attorneys' fees and reasonable expenses which may be suffered by any of the plaintiffs by reason of West Travel's default or the default of Defendant West.

4.4    Despite demand, Defendant West has failed to make the payments as he was required to do pursuant to the Guaranty and is therefore in actual and anticipatory breach of the Guaranty.

### 4) FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST WEST TRAVEL

5.1    Plaintiffs reallege paragraphs 1.1–4.4 as if fully set forth herein.

5.2    West Travel's actions constitute breach of contract, for which plaintiffs are entitled to damages.

**VERIFIED COMPLAINT- 5**

### 5) SECOND CAUSE OF ACTION
### PROMISSORY ESTOPPEL AGAINST WEST TRAVEL

6.1 Plaintiffs reallege paragraphs 1.1–5.2 as if fully set forth herein.

6.2 West Travel made promises to pay which it should reasonably have expected would cause plaintiffs to change their positions.

6.3 Plaintiffs, to their detriment, justifiably relied on West Travel's promises.

6.4 Injustice can be avoided only by enforcement of West Travel's promises.

### 6) THIRD CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST DEFENDANT WEST

7.1 Plaintiffs reallege paragraphs 1.1–6.4 as if fully set forth herein.

7.2 Defendant West's actions constitute breach of contract, for which plaintiffs are entitled to damages.

### 7) FOURTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL AGAINST DEFENDANT WEST

8.1 Plaintiffs reallege paragraphs 1.1–7.2 as if fully set forth herein.

8.2 Defendant West made promises to pay which he should reasonably have expected would cause plaintiffs to change their positions.

8.3 Plaintiffs, to their detriment, justifiably relied on Defendant West's promises.

8.4 Injustice can be avoided only by enforcement of Defendant West's promises.

### 8) FORECLOSURE OF PREFERRED SHIP MORTGAGE

9.1 Plaintiffs reallege paragraphs 1.1–8.4 as if fully set forth herein.

VERIFIED COMPLAINT- 6

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

9.2    For valuable consideration, defendant West Travel, Inc. made, executed and delivered a Promissory Note ("Note") to General Electric Capital Corporation. The Note, which was in the original principal amount of Four Million Eight Hundred Thirty Three Thousand, Six Hundred Thirty Eight Dollars, plus interest accruing at a rate of seven and 33/100 percent (7.33%) as set out in the Note and late fees. A copy of the Note is attached hereto as *Exhibit B*, and incorporated herein by this reference.

9.3    On or about December 21, 2007, in order to secure payment under the terms of the Loan Agreement (*Exhibit A*) and Note, defendant West Travel, Inc., in accordance with and pursuant to the provisions of the Ship Mortgage Act of 1920, as amended, made, executed, and delivered a Preferred Mortgage of Vessel ("Mortgage") to General Electric Capital Corporation as mortgagee in the amount of Twenty-six Million Dollars ($26,000,000.00). At that time, all things required to be done in order to give the Mortgage the status of a preferred mortgage were done. The Mortgage was recorded by the U.S. Coast Guard Vessel Documentation Service on December 31, 2007, Document number 8214174, Batch number 618502. A copy of the Mortgage is attached hereto as *Exhibit C*, and incorporated herein by this reference.

9.4   The Mortgage requires that mortgagor maintain certain forms of insurance, and to not permit maritime liens to accrue against the vessel. The Mortgagee is permitted to procure and/or pay for said insurance if Mortgagor fails to do so, and to satisfy maritime liens, and incur other expenses. Under the terms of the Mortgage, such

**VERIFIED COMPLAINT- 7**

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

reasonable costs and expenses are additional indebtedness secured by the Mortgage, and to bear interest.

9.5     The records of plaintiff General Electric Capital Corporation indicate that, as of September 10, 2010, there was a total of $3,907,190.64 in principal, $237,748.80 interest, $135,975.00 in default interest, $16,112.16 in late charges due under the Mortgage.  There are or may be additional reasonable costs and expenses incurred which are due under the Mortgage. Interest, costs, and costs of collection are continuing to accrue.

## PRAYER FOR RELIEF

WHEREFORE, General Electric Capital Corporation prays for judgment as follows:

A.     That this Court decrees payment, jointly and severally, by West Travel Inc. and the M/V SPIRIT OF GLACIER BAY, Official No. 677685, her appurtenances, engines, machinery, equipment, tackle, furniture, etc. for the principal amount of the debt owed General Electric Capital Corporation, plus interest, attorneys' fees, costs of collection, insurance premiums, costs of maintaining the property, other allowable charges, and court costs;

B.     That this Court determine the relative priority of the maritime liens and preferred ship mortgages of plaintiff and all interveners in accordance with the laws of the United States, and direct payment from the proceeds of the sale of the M/V/SPIRIT OF GLACIER BAY, accordingly;

C.     That the maritime lien be foreclosed and said defendant M/V SPIRIT OF GLACIER BAY, Official No. 677685, her appurtenances, engines, machinery,

**VERIFIED COMPLAINT- 8**

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

equipment, tackle, furniture, etc. be sold by the U.S. Marshal and the proceeds of the sale be applied and delivered to pay demands and claims of in the amount and to the extent as set forth herein, together with costs and attorneys' fees, and that it be declared that any and all persons, firms or corporations claiming any interest in the defendant vessel are forever barred and foreclosed of and from all rights of equity or redemption or claim in and to the defendant vessel.

     D.    That <u>in rem</u> process in due form of the law issue against the defendant vessel.

     E.    That at the sale of the M/V SPIRIT OF GLACIER BAY, Official No. 677685, by the U.S. Marshal, General Electric Capital Corporation be permitted to bid, without cash deposit, its judgment, accrued interest, costs and attorneys' fees, up to the full amount thereof.

     F.    For judgment entered against defendants West Travel, Inc. d/b/a Cruise West, Richard G. West and the marital community of Richard G. West and Leslie West for damages for all sums due under the Loan Agreement and the Note. Plaintiffs are entitled to damages in an amount to be proven at trial.

     G.    For judgment against defendants West Travel, Inc. d/b/a Cruise West, Richard G. West and the marital community of Richard G. West and Leslie West for consequential damages in an amount to be proven at trial;

     H.    For an award of prejudgment interest and post-judgment interest;

     I.    For an award of plaintiffs' reasonable attorney fees and costs incurred in pursuing this action; and

**VERIFIED COMPLAINT- 9**

1  J. That General Electric Capital Corporation have such other and further relief as in law or equity it may be entitled to receive.

DATED this 29th day of September, 2010.

                        CAREW LAW OFFICE

                        /s/ Shane C. Carew
                        Shane C. Carew, WSBA No. 10988
                        5450 California Ave. SW, #101
                        Seattle, WA 98136
                        Telephone: 206-587-0590
                        Fax: 206-587-2388
                        Email: shane@carewlaw.com
                        Attorney for Plaintiff

                        McNAUL EBEL NAWROT & HELGREN

                        /s/ Matthew J. Campos
                        Matthew J. Campos, WSBA 40777
                        600 University Street, Suite 2700
                        Seattle, WA 98101
                        Telephone: (206) 467-1816
                        Facsimile: (206) 624-5128
                        Email: mcampos@mcnaul.com
                        Attorneys for Plaintiffs

**VERIFIED COMPLAINT- 10**

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

## VERIFICATION

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF _____ )

Ramon Seranio, being first duly sworn upon oath, deposes and states:

1. I am a resident of the State of California and knowledgeable of, and competent to testify to, the matters below. I am a Vice President of General Electric Capital Corporation ("GECC"), and am authorized to issue this declaration on behalf of GECC, General Electric Credit Corporation of Delaware ("GECC Delaware"), and General Electric Credit Corporation of Georgia ("GECC Georgia") (GECC, GECC Delaware and GECC Georgia are sometimes referred to herein collectively as "GE Capital"). GECC Delaware and GECC Georgia are companies affiliated with GECC.

2. I have read the foregoing complaint, and the facts in the foregoing complaint are true and correct, to the best of my knowledge, information and belief.

_____
Ramon Seranio

SUBSCRIBED AND SWORN to before me this 29 day of September, 2010.

_____
NOTARY PUBLIC in and for the State of
California, residing at _____
My Commission Expires:

**VERIFIED COMPLAINT- 11**

CAREW LAW OFFICE
5450 California Ave. SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____  _____
Signature of Document Signer No. 1    Signature of Document Signer No 2 (if any)

State of California

County of __Orange__

Subscribed and sworn to (or affirmed) before me on this __29th__ day of __September__, 20__10__, by

(1) __Ramon P. Serano__,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) __N/A__,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
Signature of Notary Public

Place Notary Seal Above

[Notary Seal: NANCY J. _____, Commission # 1743061, Notary Public - California, Orange County, My Comm. Expires May 28, 2011]

——————— **OPTIONAL** ———————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __Verification__

Document Date: __9/29/2010__  Number of Pages: __1__

Signer(s) Other Than Named Above: __N/A__

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here [fingerprint]
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5910  Reorder: Call Toll-Free 1-800-876-6827